IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCISCO LORA, | : |
|     Petitioner | : |
|     v. | : Case No. 3:24-cv-215-NBF-KAP |
| MICHAEL UNDERWOOD, WARDEN, | : |
| F.C.I. LORETTO, | : |
|     Respondent | : |

Report and Recommendation

Recommendation

Petitioner Lora, an inmate at F.C.I. Loretto, filed a petition at ECF no. 4 for a writ of habeas corpus pursuant to 28 U.S.C.§ 2241, challenging the Bureau of Prisons' forfeiture of 27 days good conduct time (GCT), *see* 18 U.S.C.§ 3624, resulting from disciplinary proceedings in which petitioner was charged with stealing in violation of disciplinary Code 219, *see* 28 C.F.R.§ 541.3, table 1. The government responded at ECF no. 11. I recommend that the petition be denied.

Report

Petitioner Lora was stopped while leaving the dining hall at Loretto late in the morning of September 28, 2023. The Bureau of Prisons alleges that Lora was patted down and a clear plastic bag with 1.7 pounds of shredded chicken in it was found in his left rear pants pocket. Lora was charged with stealing.

After initial proceedings before the Unit Disciplinary Committee, *see* 28 C.F.R. §541.7, the matter was referred to a disciplinary hearing officer (DHO), who held a hearing in October 2023 that resulted in a finding that was vacated in the administrative appeals process. The matter was returned for a second DHO hearing on February 8, 2024. The Bureau presented the history of the search and a photograph of the seized item, part of Attachment 2 to the Response, ECF no. 11 at 27. Lora explained that he suffered from kidney stones and was taking "a piece of chicken that was given to me at lunch" back to his unit to make soup so he could take his medication with food. Lora explained that his religious beliefs required that food be taken with medication.

The DHO, B. Vegh, found Lora guilty, forfeited 27 days GCT, and imposed other sanctions that have expired. After exhausting administrative remedies, Lora filed the petition in this matter, asserting that 1) it was a piece of chicken (specifically, a one and a half leg quarter, bone-in), not a bag of shredded chicken; and 2) the chicken was given to him to eat, so he could not be guilty of stealing.

Prison disciplinary hearings are required to comply with procedural safeguards that are far less than the full panoply that would be provided in a criminal prosecution. After Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974), a prison disciplinary hearing that results in the loss of GCT or otherwise extends the time spent in custody must provide at least these procedural safeguards: an impartial decision-making body; at least twenty-four hours of advance written notice of the charges; an opportunity to call witnesses and present documentary evidence; assistance from an inmate representative if the charge involves complex issues or if the prisoner is illiterate; and a written decision explaining the evidence relied upon and the reasons for the disciplinary action. 28 C.F.R. §541.8. *See* Campbell v. Warden Allenwood USP, 808 Fed.Appx. 70, 72 (3d Cir. 2020); *see also* BOP Program Statement 5270.09. There is no claim that Lora was not afforded these procedural protections at his second hearing. Lora called two witnesses, one a staff medical officer that confirmed that Lora had suffered from kidney stones (but who did not confirm the medical necessity of eating food with medication) and the other a fellow inmate who confirmed that Lora had kidney stones and planned to make soup.

Prison disciplinary hearings also have a substantive evidentiary requirement, and it similarly is far below the standard that applies in criminal trials, civil trials, and even most administrative hearings. Disciplinary proceedings that result in loss of GCT or otherwise will affect the length of a sentence will be upheld if there is "some evidence" to support them. Superintendent v. Hill, 472 U.S. 445, 455, (1985). Habeas review "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. at 455. This is codified in the Bureau of Prisons' regulations at 28 C.F.R.§ 541.8(f), requiring that "[t]he DHO's decision will be based on at least some facts and, if there is conflicting evidence, on the greater weight of the evidence." *See* Bureau of Prisons Program Statement 5270.09, Inmate Discipline Program (https://www.bop.gov/policy/progstat/5270_009.pdf, substantially setting out 28 C.F.R.§ 541.1-8).

Superintendent v. Hill does not contemplate that a habeas court can reweigh the finding by a DHO based on its view of the evidence. After Scott v. Harris, 550 U.S. 372, 380 (2007)("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.") there might be a persuasive case for modifying this rule if there were proof that guilt of a disciplinary offense was truly impossible, but this is not that case. The photograph is part of the record and it is not clear, but it certainly looks more like a bag of shredded chicken than a leg quarter. This court can no more disregard the DHO's weighing of the evidence than it can question the decision to charge Lora with stealing rather than the lesser offense

of possession of contraband in violation of Code 331.

The point of Superintendent v. Hill is that judicial review of the judgment of a DHO and indeed of the substantive basis for all prison disciplinary proceedings is limited to a degree that would never be tolerated in review of the sufficiency of evidence in a criminal trial. *See e.g.* Goodloe v. Warden Lewisburg USP, No. 24-1170, 2025 WL 342189, at *2 (3d Cir. Jan. 30, 2025) (affirming denial of a habeas petition because the identification of the contraband as amphetamines was based on "field tests" of admittedly unknown reliability, and implying that the burden was on the inmate to prove the unreliability of evidence). Where the DHO's finding, as it was here, is based on credibility judgments about the witnesses at the hearing, it is virtually unassailable. *See e.g.* Fellows v. Warden Lewisburg USP, No. 23-1902, 2023 WL 5092769, at *2 (3d Cir. Aug. 9, 2023)(affirming denial of habeas petition based on a DHO's conclusion that an inmate who failed to produce a sufficient amount of urine for testing was guilty of a "refusal" and not a failure *simpliciter*.)

The petition must be denied.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties can within fourteen days file written objections to this Report and Recommendation. In the absence of timely and specific objections, any appeal would be severely hampered or entirely defaulted. *See* EEOC v. City of Long Branch, 866 F.3d 93, 100 (3d Cir.2017) (describing standard of appellate review when no timely and specific objections are filed as limited to review for plain error).

DATE: April 30, 2025

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Francisco Lora, Reg. No. 92091-054
F.C.I. Loretto
P.O. Box 1000
Cresson, PA 16630